HELEN BENNETT LANGDON, Executrix of the Estate of Dr.
BENJAMIN BRUCE LANGDON, Deceased v. DR. THOMAS GRAY
HURDLE and DR. CHARLES A. HOFFMAN, JR.

No. 7212DC310

(Filed 28 June 1972)

1. Declaratory Judgment Act § 2— complaint — absence of reference to
   the Act
   It is not error if an action instituted under the Declaratory Judg-
   ment Act fails to make specific reference to the Act in the complaint,
   since the facts alleged determine the nature of the relief to be granted.

2. Declaratory Judgment Act § 2— authority to enter declaratory judg-
   ment
   In an action brought by the executrix of a deceased partner seek-
   ing to recover certain sums allegedly due under a partnership agree-
   ment and an adjudication of her rights under the agreement, the
   trial court had authority to enter judgment that defendants are
   personally liable to the executrix under the partnership agreement
   without the assets of the partnership first being exhausted, which in
   effect is a declaratory judgment.

3. Partnership § 8— settlement of deceased partner's interest — partner-
   ship agreement
   When articles of partnership in force at the death of any part-
   ner provide for the settlement of the deceased partner's interest in
   the partnership and for a disposition thereof different from that
   provided for in G.S. Ch. 59, the interest of the deceased partner in
   the partnership shall be settled and disposed of in accordance with
   the articles of partnership. G.S. 59-84.

4. Contracts § 1— right to contract
   Persons *sui juris* have a right to make any contract not contrary
   to law or public policy.

5. Partnership § 8— partnership agreement — death of partner — personal
   liability of surviving partners
   Where a partnership agreement provided that upon the death of
   a partner the estate of the deceased partner shall be paid one year's
   income as defined in the agreement, with such sum being paid in
   five annual installments, and the surviving partners have terminated
   the partnership, the trial court properly determined that the surviv-
   ing partners are personally liable to the estate of the deceased part-
   ner for the payments required by the partnership agreement without
   the partnership assets first having been exhausted.

APPEAL by defendant Hoffman from *Herring, District
Judge,* 20 December 1971 Civil Session of CUMBERLAND District
Court.

Plaintiff executrix instituted this action on 20 August 1971 seeking to recover certain sums from defendants and an adjudication of her rights against defendants. Pertinent allegations of the complaint admitted by appellant are summarized as follows:

On or about 1 August 1966 plaintiff's testate and defendants, all three being medical doctors, entered into a written partnership agreement, the full text of the agreement being made a part of the complaint. The partnership, engaged in the practice of urology, became operative on 1 August 1966 and continued in full force and effect until 4 April 1970 when testate died. Article 11 of the partnership agreement provides as follows:

"In the event of retirement or death of a partner, all partnership equipment, supplies, accounts receivable, good will, and all other partnership assets shall become the property of the remaining partners. Such retiring partner or the estate of a deceased partner shall be paid one year's income which shall be an amount equal to the average net income of such retiring or deceased partner's last five full years from the partnership, such sum to be paid in five equal annual installments, the first installment to be paid within sixty (60) days of such retirement or death and the four other annual installments to be paid on the next four anniversary dates of such retirement or death with no interest. Such payments shall be considered as expense for the partnership and income for the retiring partner or the estate of the deceased partner."

Following testate's death accountants determined that the amount owing testate's estate was $70,456.20. Plaintiff and defendants agreed on said amount and further agreed, at defendants' request, that the amount would be paid in sixty equal consecutive monthly installments of $1,174.27 commencing in June 1970, rather than in five annual installments as provided by the partnership agreement. The partnership composed of defendants made fourteen monthly payments as agreed beginning with June 1970 and continuing through July 1971.

Beginning 2 August 1971 defendants ceased practicing medicine as partners. Early that month $587.14 was deposited to plaintiff's account, said funds coming from defendant

Hurdle's office. Defendant Hurdle has refused to make any further payment to plaintiff for the month of August 1971 and defendant Hoffman refuses to make any payment to plaintiff for the month of August 1971. Plaintiff asked the court to adjudicate that defendants are jointly and severally liable to her for the monthly payments of $1,174.27 for the months June 1970 through May 1975 and award judgment for all delinquent payments, plus interest, outstanding as of the date of trial.

Defendants filed separate answers. In his answer appellant admitted that defendants are jointly and severally liable to plaintiff for the monthly payments aforesaid but alleged "that the obligation due to the plaintiff and other creditors . . . are to be paid from the assets of the said partnership until said assets . . . are exhausted." Defendant Hoffman alleged a cross action against defendant Hurdle and asked for dissolution of the partnership.

Defendants filed separate motions for summary judgment and plaintiff moved for summary judgment. Following a hearing the court denied defendants' motions, allowed plaintiff's motion and adjudged that defendants are jointly and severally liable to plaintiff for the monthly payments of $1,174.27 for the remaining months of January 1972 through May 1975, it being stipulated at the hearing that payments had been made through December 1971.

Defendant Hoffman appealed.

*J. Duane Gilliam for plaintiff appellee.*

*Williford, Person & Canady by N. H. Person for defendant appellant.*

BRITT, Judge.

Appellant contends that the court erred in granting summary judgment for plaintiff that defendants are personally liable to plaintiff before there has been an adjudication that the assets of the partnership of which plaintiff is a creditor are exhausted. We hold that the court did not err.

[1, 2] First, we consider the authority of the trial court to make the adjudication set forth in the judgment which, in effect, is a declaratory judgment. G.S. 1A-1, Rule 2, provides that there shall be in this State but one form of action for the en-

forcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action. G.S. 1-254 (a part of the Declaratory Judgment Act) provides that "(a) ny person interested under a . . . written contract . . . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder." It is not error if an action instituted under the act fails to make specific reference to the statute in the complaint; the facts alleged determine the nature of the relief to be granted. *Little v. Trust Co.,* 252 N.C. 229, 113 S.E. 2d 689 (1960). All pleadings shall be so construed as to do substantial justice. G.S. 1A-1, Rule 8(f). We think the court had authority to make the adjudication challenged.

[3] Although the partnership formed between plaintiff's testate and defendants is involved in this action, we are dealing primarily with the partnership agreement entered into between the three original parties, as modified by plaintiff and defendants. When the original articles of partnership in force at the death of any partner make provision for the settlement of the deceased partner's interest in the partnership, and for a disposition thereof different from that provided for in Chapter 59 of our General Statutes, the interest of such deceased partner in the partnership shall be settled and disposed of in accordance with the provisions of the articles of partnership. G.S. 59-84. Therefore, in this case we look primarily to the partnership agreement for the answer to the question posed.

[4] Persons *sui juris* have a right to make any contract not contrary to law or public policy. 2 Strong, N. C. Index 2d, Contracts, § 1, p. 292.

[5] We do not think Article 11 of the partnership agreement quoted above contemplated a dissolution of the partnership as to all parties on the death or retirement of one of them. To the contrary it appears to contemplate that the two surviving partners would "carry on," vested with complete title to partnership assets, but with the obligation to pay the retiring partner or the estate of the deceased partner a determinable amount. We think the actions of defendants following the death of plaintiff's testate support the interpretation stated. Not only did the defendants, as surviving partners, proceed to continue the partnership for some fifteen months following testate's death,

but soon after his death they agreed with plaintiff that she was entitled to receive from them the sum of $70,456.20. Plaintiff's position is made stronger by the fact that defendants requested, and she agreed, that they be allowed to pay said amount in sixty equal *monthly* installments, *commencing* in June 1970 rather than in five annual installments as provided by the agreement, and also the fact that defendants made the monthly payments until they severed professional relations.

In the affidavit of appellant's attorney presented at the hearing on the motions for summary judgment we find: "That the defendant Hoffman admits that he and his codefendant Hurdle are jointly and severally liable as the surviving partners of the partnership known as Drs. Langdon, Hurdle and Hoffman payable in 60 consecutive monthly installments of $1,174.24 commencing June 1, 1970. . . ." After specifically agreeing that they were jointly and severally liable, and agreeing to pay plaintiff "in 60 consecutive monthly installments of $1,174.24 commencing June 1, 1970," how can defendants or either of them now contend that plaintiff's receipt of said payments are subject to a dissolution of the partnership between defendants, a marshaling of assets of the partnership and the exhausting of said assets?

After agreeing to pay plaintiff a specified amount monthly, *commencing* June 1, 1970, we do not think there is any merit in appellant's contention that plaintiff's receipt of the sums due her shall be delayed or otherwise affected while differences between defendants are determined.

The judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge CAMPBELL concur.